LANKLER, SIFFERT & WOHL LLP, Decision Strategies, LLC, Decision-Quest, Inc., Lexecon Inc., Steve Thel, Donna M. Hitscherich, and FTI Consulting, Inc., Plaintiffs–Appellees,

William Purcell and Cornerstone Research, Inc., Plaintiffs,

American International Specialty Lines Insurance Co., Third–Party Defendant–Appellee,

v.

A. Cal ROSSI and Basic Capital Management, Inc., Defendants–Third–Party Plaintiffs–Appellants,

Gene Phillips, Defendant.

No. 04–2050(L).

United States Court of Appeals,
Second Circuit.

April 4, 2005.

John F. Redwine, Redwine Law Offices, Dallas, TX, for Appellants.

Frank H. Wohl, (Ethan G. Zlotchew, on the brief) Lankler, Siffert & Wohl, LLP, New York, NY, for Appellees.

Present: NEWMAN, CABRANES Circuit Judges.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendants–Appellants ("Defendants") appeal from the grant of summary judgment to plaintiffs and entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Defendants first claim that plaintiff Lankler, Siffert & Wohl should have been disqualified from representing the other plaintiffs in this matter, because the firm represented defendant Rossi in the underlying criminal matter. We have made it clear that motions to disqualify are disfavored. *See, e.g., Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791–92 (2d Cir.1983). In this case, we see no "substantial relationship between the subject matter of the counsel's prior representation of the mov-

ing party and the issues in the present lawsuit," *see id.* at 791, sufficient to find an abuse of discretion by the District Court. We accordingly affirm the District Court's denial of the motion to disqualify.

Defendants next claim that the District Court erred in granting plaintiffs summary judgment on their account stated claim. We reject defendants' claims for the reasons stated by the District Court in its Opinion of October 10, 2003. *Lankler, Siffert & Wohl, LLP v. Rossi,* 287 F.Supp.2d 398, 407–09 (S.D.N.Y.2003).

Finally, defendants argue that the District Court erred in entering final judgment for plaintiffs pursuant to Federal Rule of Civil Procedure 54(b). This Court has addressed the standard District Courts must employ when evaluating motions for entry of judgment under Rule 54(b).

> Thus, to have a final judgment under the rule, (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

*Ginett v. Computer Task Group,* 962 F.2d 1085, 1091 (2d Cir.1992) (emphasis removed).

The District Court found that plaintiffs' account stated claim against defendants had been finally decided on the merits and that there was no just reason for delay of entry of final judgment on the account stated claim. Defendants' claims that these findings were error are without merit.

---

* Because the Honorable Pierre N. Leval recused himself prior to oral argument, this case was decided by a two-judge panel. *See*

2d Cir. R. § 0.14(b); *Murray v. NBC,* 35 F.3d 45 (2d Cir.1994).

We have considered all of defendants' claims on appeal and found them to be without merit. We hereby **AFFIRM** the judgment of the District Court.

The records of this Court do not reflect that John F. Redwine, counsel for defendants, is a member of the bar of this Court, or sought admission *pro hac vice.* Accordingly, John F. Redwine shall show cause within 20 days why he should not be sanctioned for his noncompliance with Second Circuit Local Rule 46(d).